# UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| KEVIN R. SCHRUBB, I,<br><br>        Petitioner,<br><br>  v.<br><br>R. SPEIDELL, et al.,<br><br>        Respondents. | 1:09-cv-01271-BAK-GSA HC<br><br>ORDER REGARDING PETITION FOR WRIT OF HABEAS CORPUS (Doc. 1)<br><br>ORDER DIRECTING CLERK OF COURT TO SEND PETITIONER FORM FOR FILING CIVIL RIGHTS COMPLAINT PURSUANT TO 42 U.S.C. § 1983<br><br>ORDER DIRECTING CLERK OF COURT TO ENTER JUDGMENT AND CLOSE CASE<br><br>ORDER DISREGARDING MOTION FOR TEMPORARY RESTRAINING ORDER (Doc. 2) |

      Petitioner is a state prisoner proceeding pro se on a petition for writ of habeas corpus pursuant to 28 U.S.C. § 2254. On July 20, 2009, Petitioner filed his petition for writ of habeas corpus in this Court. (Doc. 1).[1] On August 3, 2009, Petitioner filed his written consent to the

---

[1] The document, as filed by Petitioner, is styled as a Notice of Application for Temporary Restraining Order. (Doc. 1). Contemporaneously, Petitioner also filed a cover letter to the Clerk of the Court indicating that he was filing the Notice of Application for Temporary Restraining Order. (Doc. 2). The Clerk of the Court filed the two documents separately, filing the original

1

jurisdiction of the United States Magistrate Judge for all purposes.   (Doc. 4).

Petitioner alleges that prison employees wrongfully instituted disciplinary proceedings against him for failing to accept assigned housing, which, Petitioner maintains, was a mere pretext based on Petitioner's alleged failure to obey a guard's commands after Petitioner attempted to help a wheelchair-bound comply with the guard's orders.[2]   Petitioner contends that, as a result of purportedly false disciplinary proceedings filed against him, he was subjected to a loss of various prison privileges and may subsequently be subjected to confinement in the SHU. (Doc. 1, pp. 15-18).

## DISCUSSION

Rule 4 of the Rules Governing § 2254 Cases requires the Court to make a preliminary review of each petition for writ of habeas corpus.  The Court must dismiss a petition "[i]f it plainly appears from the face of the petition . . . that the petitioner is not entitled to relief."  Rule 4 of the Rules Governing  2254 Cases; see also Hendricks v. Vasquez, 908 F.2d 490 (9th Cir.1990).  A federal court may only grant a petition for writ of habeas corpus if the petitioner can show that "he is in custody in violation of the Constitution . . . ."  28 U.S.C. § 2254(a).  A habeas corpus petition is the correct method for a prisoner to challenge the "legality or duration" of his confinement.  Badea v. Cox, 931 F.2d 573, 574 (9th Cir. 1991), *quoting*, Preiser v. Rodriguez, 411 U.S. 475, 485 (1973); Advisory Committee Notes to Rule 1 of the Rules Governing Section 2254 Cases.   In contrast, a civil rights action pursuant to 42 U.S.C. § 1983 is the proper method for a prisoner to challenge the conditions of that confinement.

---

Notice of Application for Temporary Restraining Order as a federal habeas petition pursuant to 18 U.S.C. § 2254, and filing the letter to the Clerk as a Motion for Temporary Restraining Order.  The Court agrees with the Clerk of the Court that the original document (Doc. 1) should be construed as a habeas petition; however, the Court will construe Document 2 as the cover letter it clearly was intended to be, not as a separate motion for injunctive relief.  Accordingly, the Court will disregard the motion for injunctive relief.  (Doc. 2).

[2]Petitioner implies that Respondent's rules violation report erroneously listed the wrong regulation, i.e., failure to accept assigned housing, and that Respondent actually intended to file a violation for Petitioner's failure to obey a command.  (Doc. 1, p. 8).

McCarthy v. Bronson, 500 U.S. 136, 141-42 (1991); Preiser, 411 U.S. at 499; Badea, 931 F.2d at 574; Advisory Committee Notes to Rule 1 of the Rules Governing Section 2254 Cases.

In this case, Petitioner complains that one of Respondent's employee's caused a false disciplinary accusation to be filed against him after Petitioner attempted to help a wheelchair-bound inmate to comply with the guard's orders.  After Petitioner was found guilty of the rules violation, he was assessed a loss of privileges for the "yard," the "dayroom," telephone use, visitation, canteen, and quarterly packages. (Doc. 1, pp. 15-18).  Although Petitioner initially indicated that, as part of his punishment, he was also assessed a good time credit loss of ninety days, he does not repeat this allegation at any other point when discussing the various punishments imposed on him.  Nor do the exhibits attached to his petition relating to the rules violation report and the subsequent disciplinary proceedings establish that a credit forfeiture was part of the punishment Petitioner suffered as a result of the disciplinary conviction.

Petitioner is thus challenging the conditions of his confinement, not the fact or duration of that confinement.  Thus, Petitioner is not entitled to habeas corpus relief, and this petition must be dismissed.  Should Petitioner wish to pursue his claims, Petitioner must do so by way of a civil rights complaint pursuant to 42 U.S.C. § 1983.

**ORDER**

Accordingly, the Court HEREBY ORDERS as follows:

1. The petition for writ of habeas corpus (Doc. 1), is DISMISSED because the petition does not allege grounds that would entitle Petitioner to habeas corpus relief;

2. The Clerk of Court is DIRECTED to send Petitioner the standard form for claims pursuant to 42 U.S.C. § 1983;

3. The Clerk of the Court is DIRECTED to enter judgment and close the case; and,

4. Petitioner's motion for temporary restraining order (Doc. 2), is DISREGARDED.

IT IS SO ORDERED.

Dated:   **November 11, 2009**            /s/ **Gary S. Austin**
                                 UNITED STATES MAGISTRATE JUDGE